CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
MAY - 4 1999
ROBERT M. MARCH
CLERK

JOHNNY RAY CHANDLER,

    Plaintiff,

v.    No. CIV-99-0281 SC/DJS

JIMMY McDONALD,
ROBERT SHEPPARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to consider Plaintiff's application to proceed pursuant to 28 U.S.C. § 1915 (Doc. #5) filed April 6, 1999. For the reasons below, the leave sought will be denied.

Plaintiff has filed at least eight actions in this Court, one of which has been dismissed for failure to state a claim upon which relief can be granted. *Chandler v. Dorsey*, No. CIV-98-1483 M/RJD (appeal pending). *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (a court may take judicial notice of its own records). According to the automated docketing system of the United States District Court for the District of Columbia, Plaintiff has filed at least thirty-six prior civil actions in that court while he was incarcerated in Lorton, Virginia. At least three of those actions were dismissed "pursuant to the provisions of 28 U.S.C. § 1915(d)." *Chandler v. Barry*, No. 1:95cv1169; *Chandler v. Moore*, No. 1:95cv1182; *Chandler v. Hammon*, No. 1:95cv1425. *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir.1979) (federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue); *Green*



*v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("court may take judicial notice of the prior litigation.").

In 1996 the provisions of 28 U.S.C. § 1915 were amended to prohibit inmate-plaintiffs from filing successive or repetitious actions in forma pauperis. The pertinent subsection reads:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action...that was dismissed on the grounds that it is frivolous,...unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's complaint has been preceded by the requisite number of dismissals and does not allege imminent danger of serious physical injury. Under the factors specified in § 1915(g), the application to proceed pursuant to 28 U.S.C. § 1915 must be denied and the filing fee paid. *Pigg v. FBI*, 106 F.3d 1497 (10th Cir. 1997); *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir. 1998) (upholding constitutionality of "three strikes" provisions in § 1915(g)), *cert. denied*, --- U.S. ---, 1999 WL 16465 (U.S. Mar. 8, 1999) (No. 98-7542); *Schlicher v. Thomas*, 111 F.3d 777, 781 (10th Cir. 1997).

IT IS THEREFORE ORDERED that Plaintiff's application to proceed pursuant to 28 U.S.C. § 1915 (Doc. #5) filed April 6, 1999, is DENIED;

IT IS FURTHER ORDERED that Plaintiff may, within 20 days from entry of this order, submit the required filing fee of $150.00; the Court will not review the merits of the complaint or issue summons until the filing fee is paid; failure to submit the required filing fee may result in dismissal without prejudice without further notice.

_____
UNITED STATES DISTRICT JUDGE

2